IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PATRICK MONTEZ LEE,

    Petitioner,

v().                                                                             CASE NO. 1:13-cv-216-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Petition stems from Petitioner's multiple 2010 Alachua County criminal convictions. Respondent filed a motion to dismiss the Petition as time-barred, Doc. 10, and Petitioner filed a response in opposition, Doc. 13. For the following reasons, the undersigned recommends that the motion to dismiss should be granted.[1]

**One-Year Limitations Period**

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

> review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

Petitioner's state court procedural history is as follows: in October of 2009, Petitioner was initially charged by information with eight counts, including theft, forgery, possession of cannabis and paraphernalia, and exploitation of an elderly adult. Doc. 10-1 at 33-35. The information was later amended to include eleven charges, and then again amended to include thirty-one charges, then amended again to include thirty-seven charges. Doc. 10-1 at 48-51; 52-65; 71-85. The fourth and final amended information included thirty-eight charges, including racketeering, theft, possession of cannabis, dealing in stolen property, fraudulent use of a credit card, and providing cocaine to a minor. Doc. 10-1 at 92-106.

On May 12, 2010, Petitioner entered a plea of nolo contendere to fourteen counts: counts five, six, seven, eight, nine, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three. The state dropped count thirty-

three.  Doc. 10-1 at 107-111.  The Court accepted the plea, and Petitioner was sentenced to five years imprisonment on count six, five years imprisonment on count seven, five years imprisonment on count eight, and five years imprisonment on count fifteen, all to run consecutively.  Doc. 10-1 at 120-24.  Petitioner was also sentenced to five years of probation on each of the remaining nine counts, to run concurrently with each other and consecutively to his prison terms.  Doc. 10-1 at 134.  The remaining counts were dismissed.  Doc. 10-1 at 48-49.

Petitioner appealed his convictions and sentences, which were affirmed *per curiam* by the First DCA on December 23, 2010.  Doc. 10-2 at 100.  Petitioner's conviction became final 90 days later, on March 23, 2011, when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

The one-year limitations ran until it expired the next year on March 23, 2012, without any tolling.  *See Ferreira v. Sec'y Dept. Of Corr.*, 494 F.3d, 1289, n.1 (noting that the AEDPA limitations period should be calculated using the "anniversary date of the triggering event").

Although Petitioner filed a Fla. R. Crim. P. 3.800(c) motion to mitigate or reduce his sentence on March 16, 2011, this motion does not count as a tolling motion.  *Baker v. McNeil,* 439 Fed. Appx. 786 (11th Cir 2011) (unpublished). The motion was denied on March 30, 2011.  Doc. 10-2 at 102-11; 12.

Petitioner later filed a Fla. R. Crim. P. 3.850 motion for post conviction relief on

December 20, 2012.  Doc. 10-2 at 153-83.  Although this motion was timely under state law, it did not act as a tolling motion for the purpose of federal habeas because the one-year limitation period already had expired.  The motion was denied on January 2, 2013, and Petitioner appealed.  Doc. 10-2 at 184-87; Doc. 10-3 at 95.  The First DCA *per curiam* affirmed on August 23, 2013.  Doc. 10-3 at 100.

Petitioner filed a second Fla. R. Crim. P. 3.800(c) motion to mitigate or reduce his sentence on June 12, 2013, which was denied on June 26, 2013.  Doc. 10-3 at 107.  Again, this motion does not count as a tolling motion.  *Baker,* 439 Fed. Appx. 786.

Petitioner's federal habeas petition was provided to prison officials for mailing on October 29, 2013.  Doc. 1.  Thus, his petition was filed more than a year *after* the limitations period expired on March 23, 2012.

Accordingly, because Petitioner did not file the instant habeas petition until more than a year after the limitations period had expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitation period.

**Petitioner is Not Entitled to Equitable Tolling**

Respondent contends that Petitioner is not entitled to equitable tolling because the delay in presenting Petitioner's claims was within his control and was not unavoidable.  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  It is "an extraordinary remedy which is

typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner makes no meritorious showing that he is entitled to equitable tolling in his Petition. Relying upon *Martinez v. Ryan*, ___U.S. ___, 132 S.Ct. 1309 (2012) Petitioner contends in his response to the motion that the Court may hear his claims. Doc. 13.

*Martinez* is inapposite because *Martinez* did not concern the federal habeas one-year limitations period. Rather, in *Martinez*, the Supreme Court considered whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S.Ct. 1315. In appropriate circumstances, *Martinez* provides prisoners cause for overcoming procedural default of an ineffective-assistance claim so long as certain narrow conditions are met. *See Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1918 (2013) (to overcome procedural default, petitioner must have substantial claim of ineffective assistance of trial counsel; be unrepresented or represented by ineffective counsel during state collateral review that is the initial review regarding that claim; and state law requires that an ineffective assistance claim be

raised in an initial-review collateral proceeding).  There is nothing in *Martinez* that affords Petitioner relief from a finding that his habeas corpus petition is *untimely* by more than a year under 28 U.S.C. § 2244(d)(2), as opposed to providing a basis for overcoming a procedural default of a claim in an otherwise timely petition.

Accordingly, Petitioner's petition was filed untimely and Petitioner has not shown entitlement to equitable tolling to overcome the fact that his petition was filed outside of the one year limitations period. The Petition is, therefore, due to be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and

*Case No: 1:13-cv-216-MP-GRJ*

recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondent's Motion to Dismiss Habeas Petition As Untimely, Doc. 10, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS,** at Gainesville, Florida, this 6th day of January 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**